**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITY COURIER SERVICE, INC., a California corporation; ALI SHARIFI,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>HUDSON INSURANCE COMPANY,<br><br>Defendant-Appellee. | No.  19-56168<br><br>D.C. No.<br>2:18-cv-08143-RGK-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 7, 2020[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and CARDONE,[***] District Judge.

Unity Courier Service, Inc., and Ali Sharifi (collectively, "Unity") appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

from the district court's summary judgment in favor of Hudson Insurance

Company ("Hudson") in a diversity insurance coverage action arising out of

Hudson's refusal to defend Unity in an underlying state court class action

("underlying action"). "We review de novo a district court's decision to grant

summary judgment." *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir.

2019). As the parties are familiar with the facts, we do not recount them here. We

affirm.

"Under California law, an insurer must defend its insured 'if the underlying

complaint alleges the insured's liability for damages *potentially* covered under the

policy, or if the complaint might be amended to give rise to a liability that would

be covered under the policy.'" *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

F.3d 1025, 1031 (9th Cir. 2008) (quoting *Montrose Chem. Corp. v. Superior Court*,

861 P.2d 1153, 1160 (Cal. 1993)). "The determination whether the insurer owes a

duty to defend usually is made in the first instance by comparing the allegations of

the complaint with the terms of the policy." *Id.* (quoting *Montrose Chem. Corp.*,

861 P.2d at 1157).

Here, the district court properly determined that Hudson's duty to defend

was not triggered because Unity failed to raise a genuine dispute of material fact

that the underlying action was potentially covered, or might be amended to be

covered, under the insurance policy. *See id.* Contrary to Unity's contention, the

2

underlying action was not potentially covered by a provision of the insurance policy stating that an "Employment Practices Wrongful Act" includes an alleged "breach of any oral, written, or implied employment contract, including, without limitation, any obligation arising from a personnel manual, employee handbook, or policy statement."

The underlying action's allegation that Unity had a policy and practice that failed to properly reimburse its delivery drivers for employment-related expenses in violation of California labor law was not potentially covered by this provision because the underlying action did not allege the "breach" of an obligation arising from an employee handbook or policy statement. Rather, the underlying action alleged that Unity followed its own expense reimbursement policy. Under the plain language of the insurance policy, it is insufficient that the allegation merely arose from an employee handbook or policy statement.

Likewise, the underlying action's allegation that Unity misrepresented that its policies complied with all applicable laws also did not allege a potentially covered Employment Practices Wrongful Act. Following Unity's suggested interpretation would strain the insurance policy language by rendering superfluous the other Employment Practices Wrongful Act provisions which limit coverage to specific claims. *See Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 718 P.2d 920, 925 (Cal. 1986) (stating that words in a policy "must be read in their ordinary

3

sense" and an "ambiguity cannot be based on a strained interpretation of the policy language").

Finally, the district court properly determined that Unity failed to raise a genuine dispute of material fact that Hudson did not undertake a reasonable investigation before denying a duty to defend the underlying action. *See Am. Int'l Bank v. Fidelity & Deposit Co.*, 57 Cal. Rptr. 2d 567, 574-75 (Ct. App. 1996) (holding that the insurer conducted a reasonable investigation by reviewing the complaint and the insurance policy). Unity contends that if Hudson had conducted a reasonable investigation, it would have discovered that Unity had an employee handbook which contained a policy statement regarding expense reimbursement. However, as discussed above, even if Hudson had discovered the existence of an employee handbook with such a policy statement, it would not have altered the coverage determination because the underlying action did not allege a "breach" of that policy statement.

**AFFIRMED**.